IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE RONALD BROWN | Case No. 2:15-cv-1487<br>Judge Peter C. Economus<br>**MEMORANDUM OPINION AND ORDER** |

This matter is before the Court on Plaintiffs Ronald and Tanya Brown's ("Mr. and Mrs. Brown" or "the Browns") motion to withdraw pursuant to 28 U.S.C. § 157(d). (ECF No. 1.) Also pending in this action are Mr. and Mrs. Brown's second motion to withdraw (ECF No. 2); amended motion to convert Chapter 11 to Chapter 13 (ECF No. 6); motion to stay bankruptcy proceedings (ECF No. 7); motion for sanctions (ECF No. 8); and amended motion for sanctions (ECF No. 9).

For the reasons that follow, the Court **DENIES** Mr. and Mrs. Brown's motion to withdraw. (ECF No. 1.) The Court further **DENIES AS MOOT** all other pending motions in this action.

**I.    Background**

In 2008, the Browns were named as defendants in a state foreclosure action in the Delaware County Court of Common Pleas. *See* Case No. 08–CVE–12–1598. The Browns attempted to remove the foreclosure case to this Court multiple times. This Court remanded the action to the state court. As a result of the foreclosure action, the Browns filed for bankruptcy in the United States Bankruptcy Court for the Southern District of Ohio. *See* Case No. 2:11-bk-60762. The Browns also initiated two adversary proceedings at the bankruptcy court. *See* Case No. 12-AP-2059 ("Adversary Proceeding One); Case No. 13-AP-2155 (Adversary Proceeding Two). The Bankruptcy Court dismissed both adversary proceedings. The Browns have exhausted

all possible remedies at the Bankruptcy Court. Therefore, the Browns sought to withdraw the bankruptcy reference Court pursuant to 28 U.S.C. § 157(d) and initiated *In Re Ronald Brown*, Case No. 2:14-cv-2014 in this Court. This Court denied Mr. and Mrs. Brown's motion to withdraw in *In Re Ronald Brown*. The Browns again seek withdrawal of the bankruptcy references in this action titled *In Re Tanya Brown*, Case No. 15-cv-1487. For the same reasons stated in *In Re Ronald Brown*, this Court denies the motion in this action.

## II.    Standard of Review

Cases that arise "under the Bankruptcy Act and Title 11 of the United States Code," or that are "related to a case under the Bankruptcy Act and Title 11 of the United States Code," are referred to the Bankruptcy Court in accordance with and under this Court's General Order of Reference to the bankruptcy courts. *See* U.S. Dist. Ct. R. S. D. Ohio, General Order No. 05–02. In certain circumstances, a district can "on its own motion or on timely motion of any party" withdraw a reference to the bankruptcy courts. 28 U.S.C. § 157(d).

There are two types of withdrawal—mandatory and permissive. Section 157(d) mandates that a district court withdraw a reference "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." Section 157(d) of the Bankruptcy Code permits the district court to "withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). "The moving party bears the burden of demonstrating that the reference should be withdrawn." *In re Inkstop, Inc.*, No. 1:12MC04, 2012 WL 300626, at *1 (N.D. Ohio Jan. 31, 2012) (citing *In re Vicars Ins. Agency, Inc.*, 96 F.3d 949, 953 (7th Cir. 1996)).

### III. Analysis

The Court now turns to Mr. and Mrs. Brown's motion to withdraw. The Browns ask this Court to withdraw the entire bankruptcy proceeding. The Browns contend that this Court should grant their motion to withdrawal because the adversary proceedings require "consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." (ECF No. 1 at 2.) Mr. and Mrs. Brown's argument is not well taken.

The Court notes that Mr. and Mrs. Brown's motion is not timely. "Courts have generally defined timely as 'as soon as possible after the moving party is aware of grounds for withdrawal of reference' or as 'at the first reasonable opportunity after the moving party is aware of grounds for withdrawal of reference.'" *In re Black Diamond Min. Co., LLC*, No. CIV.A. 10-84-KKC, 2010 WL 5173271, at *1 (E.D. Ky. Dec. 14, 2010) (quoting *In re Mahlman*, 149 B.R. 866, 869 (N.D. Ill. 1993)). "The reason for the timeliness requirement is to prevent parties from forum shopping, stalling, or otherwise engaging in obstructionist tactics." *Id*. The Browns waited years to file their motion to withdraw. The Browns filed for bankruptcy in 2011. (ECF No. 1.) Moreover, the Browns have already attempted to withdraw both adversary proceedings. *See Brown v. Florida Coastal Partners, LLC*, No. 2:13-CV-1225, 2014 WL 2169561 (S.D. Ohio May 23, 2014). The Court finds that the Browns motion is simply an attempt to forum shop, stall, and otherwise engage in obstructionist tactics.

### IV. Conclusion

For the reasons discussed above, the Court hereby **DENIES** Mr. and Mrs. Brown's motion to withdraw. (ECF No. 1.) The Court further **DENIES AS MOOT** Mr. and Mrs. Brown's second motion to withdraw (ECF No. 2); amended motion to convert Chapter 11 to

Chapter 13 (ECF No. 6); motion to stay bankruptcy proceedings (ECF No. 7); motion for sanctions (ECF No. 8); and amended motion for sanctions (ECF No. 9).

**IT IS SO ORDERED.**

UNITED STATES DISTRICT JUDGE